## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

**DOMONIQUE JENKINS**,

    *Plaintiff*,

    v.

**CLARITY SERVICES, INC.**,

    *Defendant*.

Case No:

## COMPLAINT AND JURY TRIAL DEMAND

**COMES NOW**, the Plaintiff, **DOMONIQUE JENKINS** ("Mr. Jenkins"), by and through his undersigned counsel, Seraph Legal, P.A., and complains of the Defendant, **CLARITY SERVICES, INC.** ("Clarity"), and in furtherance thereof states as follows:

## PRELIMINARY STATEMENT

1. This is an action brought by Mr. Jenkins against Clarity for violations of the *Fair Credit Reporting Act*, 15 U.S.C. § 1681, *et seq.* ("FCRA").

## JURISDICTION AND VENUE

2. Subject matter jurisdiction arises under the FCRA, 15 U.S.C. § 1681p, 28 U.S.C. § 1331, as the FCRA is a federal statute.

3. Clarity is subject to this Court's jurisdiction pursuant to section 48.193(1)(a)(1), *Florida Statutes* and Fed. R. Civ. P. 4(k).

4.     Venue is proper in the Middle District of Florida because Clarity committed and/or caused the acts of which Mr. Jenkins complains within Hillsborough County, which is in the Middle District of Florida.

## PARTIES

### Mr. Jenkins

5.     Mr. Jenkins is a natural person residing in the City of Tampa, Hillsborough County, Florida.

6.     Mr. Jenkins is a *Consumer* as defined by the FCRA, 15 U.S.C. § 1681a(c).

### Clarity

7.     Clarity is a Delaware corporation with a principal business address of 475 Anton Boulevard, Costa Mesa, CA 92626.

8.     Clarity is registered to conduct business in the State of Florida, where its Registered Agent is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

9.     Clarity is a *Consumer Reporting Agency* ("CRA") within the meaning of the FCRA, 15 U.S.C. § 1681a(f), in that it, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and uses various means of interstate commerce for the purpose of preparing or furnishing consumer reports, specifically including mail and telephone communications.

## FACTUAL ALLEGATIONS

### Clarity's Inaccurate Consumer Reports Regarding Mr. Jenkins

**A. The "ArrowOne" Tradeline**

10.     At some point in or prior to August 2018, Clarity began maintaining a credit file on Mr. Jenkins.

11.     Around August of 2018, an unknown entity using the name "ArrowOne" began furnishing data to Clarity, claiming Mr. Jenkins had an outstanding loan balance in the amount of $883.00.

| Consumer | | | |
|---|---|---|---|
| **Name:** | JENKINS, DOMONIQUE | **Date of Birth:** | ███ |
| **Address:** | ████████ | | |
| **Bank Routing Number:** | | **Bank Account Number:** | |
| **Phone Number:** | ████ | | |
| **Current** | | | |
| **Account #:** | ███ | **Company:** | ArrowOne |
| **Account Type:** | Online Installment Loan | **Credit Limit:** | |
| **Ownership:** | Individual | **Current Amount:** | $550 |
| **Number of Payments:** | 1 | **Current Balance:** | $883 |
| **Payment Frequency:** | Semimonthly Only | **Past Due:** | $0 |
| **Open Date:** | 8/2/2018 | **Actual Payment:** | $0 |
| **First Due Date:** | 8/22/2018 | **Next Payment Amount:** | $0 |
| **Last Update Date:** | 12/10/2018 | **Status:** | Charge-Off |
| **Delinquency Date:** | 9/10/2018 | **Closed Date:** | 12/10/2018 |
| **Payment History:** | +-----#0 | **Closed Status:** | |
| **Comment:** | | | |

12.     ArrowOne's last update to Clarity was on or about December 10, 2018, when it reported Mr. Jenkins owed it a balance of $883.00 and that the loan status was "Charge-Off."

13.     On or about May 31, 2025, Mr. Jenkins requested his consumer credit disclosure from Clarity.

14.     Upon receipt of his request, Clarity was required to "clearly and accurately" disclose all information in Mr. Jenkins' file at the time of his request, as well as the sources of information pursuant to 15 U.S.C. § 1681g(a).

15.     A request for a consumer disclosure inherently includes a request for the sources of information relied upon. *See Brauer v. ExamOne World Wide Inc.*, 683 F. Supp. 3d 1054, 1060 (C.D. Cal. 2023) (stating "… these sources clearly fall within the plain language definition of 'file,' and should have been provided to Brauer when he requested his file.).

16.     It would be nearly impossible for Mr. Jenkins to ascertain the identity of the entity Clarity described merely as "ArrowOne" in his consumer disclosure, as Clarity provided no address, phone number, website, or full account number.

17.     A Google search for "ArrowOne" yields hundreds of results, including plumbers, pest control companies, and even a British financial planner.

18.     Without knowing the information's source, Mr. Jenkins is reduced to playing detective at best, and guessing whether the information in his credit file is accurate.

19.     Accordingly, Clarity did not disclose the sources of information it relied upon in reporting that Mr. Jenkins had loan with a status of "Charge-Off."

20.     As of the date of filing, Clarity's credit file regarding Mr. Jenkins still contains the "ArrowOne" tradeline.

21.    Had Mr. Jenkins taken out a $500.00 loan on August 2, 2018 with an outstanding balance that reached $883.00 by December 10, 2018, the lender would have applied an annual interest rate of at least 215%, which is over ten times Florida's legal rate.



22.    "ArrowOne" did not furnish any information to Clarity concerning the bank account to which it supposedly sent the loan proceeds.

23.    Clarity's inclusion of data regarding a short-term loan that required biweekly payments without updating the tradeline for nearly six years falls far short of its obligation to ensure the maximum possible accuracy of the data it sells.

**B. Clarity's Inclusion of Additional Erroneous Information**

24.    Beyond its inclusion of the "ArrowOne" tradeline in Mr. Jenkins' credit file, Clarity's consumer disclosure establishes it included a considerable amount of other information that is demonstrably false.

25.    Clarity programmed its system to report as much information about consumers as possible, with little regard to the quality or truthfulness of the data.

26.    For example, Clarity included two names for Mr. Jenkins in its file, the first of which is clearly misspelled and is the feminine version of his first name ("Dom*i*nique" versus "Dom*o*nique").

| Name | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|------|---------------------------------------|--------------------------------------|---------------------|
| DOMINIQUE JENKINS | 3/1/2021 1:03:27 pm EST fb2wb2qvp4 | 3/1/2021 1:03:27 pm EST fb2wb2qvp4 | 2 |
| DOMONIQUE JENKINS | 3/5/2021 6:36:17 pm EST m09077612m | 5/27/2025 10:44:52 am EDT ds1ambn5xf | 15 |

27.    On or about September 3, 2021, Clarity reported that Mr. Jenkins had lived at his current address for "0 Months," yet reported he had lived at his current address for "345 Months" three years later on or about September 25, 2024. Both amounts cannot possibly be accurate given 345 months is over 28 years.

| Months at Address | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|-------------------|---------------------------------------|--------------------------------------|---------------------|
| 0 Months | 9/3/2021 1:43:24 pm EDT r7m41bv8rn | 9/3/2021 1:43:24 pm EDT r7m41bv8rn | 1 |
| 89 Months | 3/1/2021 1:03:27 pm EST fb2wb2qvp4 | 4/19/2021 3:03:06 pm EDT tcp1bs0pv3 | 8 |
| 345 Months | 9/25/2024 5:09:59 pm EDT wzvne1v8ja | 9/25/2024 5:09:59 pm EDT wzvne1v8ja | 1 |

28.    Upon information and belief, the "0 Months" is an example of a placeholder value Clarity's system automatically inserts into a consumer's credit file when a data furnisher fails to supply a value.

29.    On or about March 8, 2021, Clarity reported that Mr. Jenkins' "Net Monthly Income" was "$0.00," which is categorically false and another illustration of Clarity's inclusion of placeholder values in consumer files.

| Net Monthly Income | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| $0.00 | 3/8/2021 4:40:51 pm EST 263xm8qg7e | 9/25/2024 5:09:59 pm EDT wzvne1v8ja | 3 |
| $1,750.00 | 9/3/2021 1:43:24 pm EDT r7m41bv8rn | 9/3/2021 1:43:24 pm EDT r7m41bv8rn | 1 |
| $10,000.00 | 3/1/2021 1:03:27 pm EST 56vx75s2e7 | 3/8/2021 4:40:51 pm EST 16c1ay28b0 | 5 |

30.     However, a mere seven days prior Clarity had reported that Mr. Jenkins'
"Net Monthly Income was "$10,000.00," which was substantially higher than his
actual net monthly income at that time.

31.     On or about March 8, 2021, Clarity also reported that Mr. Jenkins' had
spent "0 Months" under the header "Months at Employer," but had reported "84
Months" three days prior, and "77 Months" a mere four days prior to that.

| Months at Employer | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| 0 Months | 3/8/2021 4:40:51 pm EST 16c1ay28b0 | 4/19/2021 2:44:53 pm EDT egzecz0c1b | 2 |
| 77 Months | 3/1/2021 1:03:27 pm EST fb2wb2qvp4 | 4/19/2021 3:03:06 pm EDT tcp1bs0pv3 | 5 |
| 84 Months | 3/5/2021 6:36:17 pm EST m09077612m | 3/5/2021 6:36:17 pm EST m09077612m | 1 |

32.     Clarity's inclusion of such placeholder values as "0.00" under "Net
Monthly Income" and "0 Months" under "Months at Employer" has the greatest
possibility of negatively impacting a consumer's Clarity credit score and ability to
obtain favorable loan/credit terms, as the online lenders to whom Clarity primarily
supplies reports heavily rely upon a consumer's income and employment stability.

33.     Clarity's records establish it sold at least six reports regarding Mr. Jenkins
in the last two years.

34.    Each of these reports contained the inaccurate "ArrowOne" tradeline, as well as false information about Mr. Jenkins' months at address, net monthly income, and months at employer.

35.    As a subsidiary of Experian Information Solutions ("Experian"), one of the largest CRAs in the world, Clarity operates in stark contrast to its parent company.

36.    While Experian enforces "Metro 2" guidelines, industry standards which contain hundreds of pages of explanations regarding how to report information covering almost every conceivable scenario, which other large CRAs use to serve as a common language, Clarity requires no such compliance and has no discernable quality-assurance standards.

37.    Indeed, Clarity frequently reports lengths of employment and residential history that exceed one million years, in addition to other clearly false information.

38.    The FCRA is clear in its requirement that as a CRA, Clarity must prepare accurate reports:

> **Accuracy of Report.** Whenever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates. 15 U.S.C. §1681e(b).

39.    The FCRA required Clarity to follow reasonable procedures to ensure the maximum possible accuracy of the information Clarity reported concerning Mr. Jenkins.

40.    When it sold reports regarding Mr. Jenkins over the last two years, Clarity knew, or should have known, that even under a best-case scenario it was selling out-of-date information it had gathered without regard to accuracy or completeness.

## Clarity Fails to Investigate Dispute

41.    Unlike Experian, Clarity does not provide consumers with the ability to dispute inaccurate information online.

42.    On or about June 5, 2025, Mr. Jenkins mailed a letter to Clarity disputing the accuracy of the "ArrowOne" tradeline and other erroneous personal information.

43.    Upon receipt of Mr. Jenkins' dispute, the FCRA required Clarity to conduct a reasonable investigation into his dispute and report the results to him within 30 days. *See* 15 U.S.C. § 1681i(a)(1)(A).

44.    To date, Mr. Jenkins has received no response to his dispute letter from Clarity and the "ArrowOne" tradeline is still appearing in his credit file along with the other inaccurate personal information.

45.    Upon information and belief, Clarity has failed to make any sort of investigation into Mr. Jenkins' dispute whatsoever.

46.    Clarity frequently fails to investigate consumer disputes, either ignoring them completely or sending a form letter to the consumer stating it could not identify the information being disputed.

47.    Upon information and belief, Clarity frequently sends such form letters to consumers to mitigate investigation costs, as it lacks an efficient way of processing disputes.

48.    Unlike Experian, Clarity does not utilize e-OSCAR, an online platform designed to quickly, efficiently, and effectively resolve consumer disputes. Instead, Clarity must employ more labor-intensive methods to investigate disputes.

49.    Clarity's lack of response to Mr. Jenkins' dispute is in accordance with its typical business practice of ignoring consumer disputes as a cost-saving measure.

### Clarity Produces Clearly Erroneous Report on Mr. Jenkins

50.    As previously mentioned, Clarity started maintaining a credit file on Mr. Jenkins sometime in 2021.

51.    In June of 2025, Clarity began incorporating credit information belonging to an unrelated individual named Thomas Pappas.

| Name | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| DOMINIQUE JENKINS | 3/1/2021 1:03:27 pm EST fb2wb2qvp4 | 6/22/2025 9:27:09 pm EDT 3q4v0rbr0j | 6 |
| DOMONIQUE JENKINS | 3/5/2021 6:36:17 pm EST m09077612m | 7/18/2025 6:43:23 pm EDT wz80qm76a7 | 37 |
| DOMONIQUE JENKONS | 6/18/2025 9:18:35 am EDT wtp8tfpvs5 | 6/18/2025 9:18:35 am EDT wtp8tfpvs5 | 1 |
| THOMAS PAPPAS | 6/16/2025 2:31:55 pm EDT 7j6rcfh7t5 | 6/16/2025 2:32:10 pm EDT s4yy4mamz7 | 2 |

52.    Clarity included that Thomas Pappas lives (or lived) in Michigan in Mr. Jenkins' credit file.



53.     Thereafter, Clarity's credit file on Mr. Jenkins stated his name is Thomas Pappas and that he is also known as Domonique Jenkins.

54.     Clarity's file on Mr. Jenkins states he has lived in Florida and Michigan.

55.     Additionally, Clarity included other information related to Thomas Pappas in Mr. Jenkins' credit file.

56.     For example, Clarity included Thomas Pappas' driver's license number, email, employment information, and banking account information.

| Driver's License Number and State | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| XXXXXXX0000 FL | 6/14/2025  12:44:55 am EDT 3xj5h66n0c | 6/20/2025 11:11:15 am EDT tpcmdysdky | 6 |
| XXXXXXXXX1080 FL | 9/3/2021  1:43:24 pm EDT r7m41bv8rn | 6/20/2025 10:06:38 am EDT 73pnxvebm8 | 6 |
| XXXXXXXXX1080 MI | 6/16/2025  2:31:55 pm EDT 7j6rcfh7t5 | 6/16/2025  2:31:55 pm EDT 7j6rcfh7t5 | 1 |

| Email Address | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| ████████████ | 9/3/2021  1:43:24 pm EDT r7m41bv8rn | 6/22/2025  9:27:09 pm EST 3q4v0rbr0j | 24 |
| ██████████ | 1/27/2025  3:18:32 pm EST 4a0jxx38xw | 1/27/2025  3:18:32 pm EST 4a0jxx38xw | 1 |
| ███████████ | 3/1/2021  1:03:27 pm EST 56vx75s2e7 | 4/19/2021  3:03:06 pm EDT tcp1bs0pv3 | 8 |
| TOMMY██████@GMAIL.COM | 6/16/2025  2:31:55 pm EDT 7j6rcfh7t5 | 6/16/2025  2:32:10 pm EDT s4yy4mamz7 | 2 |

| Employer Name | First Reported (Date/Time/Tracking #) | Last Reported (Date/Time/Tracking #) | # of Times Reported |
|---|---|---|---|
| ██████████ | 3/5/2021  6:36:17 pm EST m09077612m | 3/8/2021  4:40:19 pm EST 24a73ftj6m | 2 |
| ████████ | 6/14/2025 12:45:13 am EDT x52v8ywd8y | 6/20/2025 11:11:15 am EDT tpcmdysdky | 6 |
| ████████ | 6/16/2025  2:31:55 pm EDT 7j6rcfh7t5 | 6/16/2025  2:31:55 pm EDT 7j6rcfh7t5 | 1 |
| ████████ | 3/8/2021  4:40:51 pm EST 263xm8qg7e | 4/19/2021  3:03:06 pm EDT tcp1bs0pv3 | 2 |



57.    Mr. Jenkins has never used nor applied for credit using the name "Thomas Pappas."

58.    Mr. Jenkins has never lived in Michigan.

59.    Upon information and belief, Clarity's file on Mr. Jenkins is an example of a *mixed file*.

60.    A *mixed file* is a credit file that contains information concerning two or more persons other than the one person about whom it should relate.

61.    Upon information and belief, the *mixed file* resulted from Clarity's reckless and improper methods by which it connects data reported to it by various furnishers and incorporates that data into its files.

62.    In an aggressive attempt to match every record reported, Clarity's automated system often erroneously matches information to a consumer's credit file when minimal commonalities actually exist.

63.     Indeed, upon information and belief, Clarity often matches data with the information in its files based on a single data point, such as the same year of birth, instead of utilizing all of the information provided to it.

64.     These erroneous matches occur even when the data from Clarity's data furnishers contains substantially different identifying information from that of the actual consumer.

65.     Clarity knows that its automated system erroneously matches tradeline information to incorrect consumer credit files with minimal commonalities.

66.     Despite such knowledge, Clarity has declined to correct its system.

67.     Clarity, as a CRA, has a legal obligation to use reasonable procedures to ensure the maximum possible accuracy of its consumer reports. *See* 15 U.S.C. § 1681e(b).

68.     Despite its obligation, Clarity has sold at least six consumer reports to Mr. Jenkins' creditors since it first "mixed" Mr. Jenkins' credit file.

69.     The six consumer reports that Clarity sold regarding Mr. Jenkins included information about Thomas Pappas.

70.     One of the products Clarity sells to lenders is called *Clear Digital Identity*™, which it describes as a service that "cross-references application information, phone and email details, and exclusive Clarity data to authenticate consumer identities and detect application fraud . . . . Comparing a consumer's personal information against phone, email and Clarity data helps to validate the legitimacy of an applicant's information and gives lenders a much greater assurance

that applicants are who they claim to be. A failure to authenticate some of the data points can indicate fraud." *See* Clarity Services, Inc., https://www.clarityservices.com/solutions/fraud/clear-digital-identity/ (last visited July 22, 2022).

71.     Upon information and belief, the presence of the name "Thomas Pappas" combined with what is presumably Mr. Jenkins' personal information in Mr. Jenkins' credit file resulted in Mr. Jenkins' credit applications being falsely flagged as potentially fraudulent.

72.     As evidenced by the glaring errors in its reports, Clarity failed to use reasonable procedures when producing the consumer reports it sold about Mr. Jenkins to many creditors and potential creditors.

73.     Any reasonable procedure would have determined information about an unrelated individual was mixed with Mr. Jenkins' data.

74.     Clarity could reasonably foresee that selling reports containing data from an unrelated individual would cause significant harm to Mr. Jenkins.

75.     Similarly, Clarity could reasonably foresee that producing credit reports which contain information about another person – especially a person so obviously not the subject of the credit report – would likely cause harm to the consumer for whom the report was created and for others whose information was thereby improperly disclosed; i.e., Thomas Pappas in this particular instance.

76.     As a result of Clarity's actions, Mr. Jenkins has suffered damages, including wasted time procuring legal counsel to compel Clarity to comply with its

statutory duties, lost financial opportunities, loss of credit, lower credit scores, significant emotional distress and aggravation regarding Clarity's inclusion of an account about which he had no knowledge in his credit file, and damage to his reputation.

77.     Mr. Jenkins also suffered from anxiety and stress upon learning that an unrelated individual was being included in his Clarity file and was concerned he had been the victim of fraud by an unrelated individual in Michigan.

78.     Mr. Jenkins has hired the undersigned law firm to represent him in this matter and has assigned it his right to fees and costs.

## COUNT I
## CLARITY'S WILLFUL VIOLATIONS OF 15 U.S.C. § 1681e(b)

79.     Mr. Jenkins adopts and incorporates Paragraphs 1 – 78 as if fully restated herein.

80.     Clarity violated 15 U.S.C. § 1681e(b) when it failed to follow reasonable procedures to ensure the maximum possible accuracy of the consumer reports it sold regarding Mr. Jenkins when it sold reports containing false, out-of-date, and insufficiently sourced tradeline information regarding the "ArrowOne" loan, as well as other evidently false information about his work, income, and residential history, and its inclusion of information for an unrelated individual, Thomas Pappas.

81.     Numerous consumers have sued Clarity for similar violations, and Clarity knows that it frequently sells reports with out-of-date, false tradeline information and information regarding unrelated individuals.

82.     Clarity's conduct was either willful or performed with a reckless disregard for Mr. Jenkins' rights under the FCRA.

83.     As a result of its conduct, Clarity is liable to Mr. Jenkins for the greater of Mr. Jenkins' actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Mr. Jenkins respectfully requests this Honorable Court enter judgment against Clarity for:

a.     The greater of Mr. Jenkins' actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.     Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.     Such other relief this Court deems just and proper.

## COUNT II
## CLARITY'S NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681e(b)
### (Pled in the Alternative to Count I)

84.     Mr. Jenkins adopts and incorporates Paragraphs 1 – 78 as if fully restated herein, and pleads this count strictly in the alternative to Count I.

85.     Clarity owed Mr. Jenkins a legal duty to utilize reasonable procedures to ensure the maximum possible accuracy of its consumer reports regarding Mr. Jenkins.

86.    Clarity breached this duty when it sold multiple consumer reports containing false, out-of-date, and insufficiently sourced tradeline information regarding the "ArrowOne" loan, as well as other evidently false information about Mr. Jenkins' work, income, and residential history, and its inclusion of information for an unrelated individual, Thomas Pappas.

87.    Clarity's breach amounts to a negligent violation of 15 U.S.C. § 1681e(b). As a result, Mr. Jenkins is entitled to his actual damages, attorneys' fees, and costs, pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Mr. Jenkins respectfully requests this Honorable Court enter judgment against Clarity for:

a.    Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and

c.    Such other relief this Court deems just and proper.

## COUNT III
## CLARITY'S WILLFUL VIOLATIONS OF 15 U.S.C. § 1681i(a)(1)(A)

88.    Mr. Jenkins hereby adopts and incorporates Paragraphs 1 – 78 as if fully restated herein.

89. Clarity violated 15 U.S.C. § 1681i(a)(1)(A) when it failed to conduct a reasonable investigation into Mr. Jenkins' dispute of the ArrowOne tradeline and other erroneous personal information, as it appears to have conducted no investigation at all.

90. Clarity's conduct was a result of its regular policies and procedures, which frequently result in Clarity failing to conduct investigations or sending form letters in an attempt to save costs.

91. Clarity's conduct was thus willful and intentional, or alternatively, performed with a reckless disregard for its duties to perform reasonable investigations under the FCRA.

92. Accordingly, Clarity is liable to Mr. Jenkins for the greater of his actual damages and statutory damages of up to $1,000 for each occurrence, as well as punitive damages, reasonable attorneys' fees, and costs pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Mr. Jenkins respectfully requests this Honorable Court enter judgment against Clarity for:

a. The greater of Mr. Jenkins' actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c. Reasonable costs and attorneys' fees pursuant to 15 U.S.C. §1681n(a)(3); and,

d. Such other relief this Court deems just and proper.

## COUNT IV
## CLARITY'S NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681i(a)(1)(A)
### (Pled in the alternative to Count III)

93.    Mr. Jenkins hereby adopts and incorporates Paragraphs 1 – 78 as if fully restated herein.

94.    Clarity owed Mr. Jenkins a legal duty to conduct a reasonable investigation into his dispute of the "ArrowOne" tradeline and other erroneous personal information.

95.    Clarity breached this duty when it failed to conduct such an investigation and report its results back to Mr. Jenkins.

96.    Clarity's conduct was negligent and therefore, Clarity is liable to Mr. Jenkins for his actual damages as well as his reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Mr. Jenkins respectfully requests this Honorable Court enter judgment against Clarity for:

a.    Mr. Jenkins' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.    Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.    Such other relief this Court deems just and proper.

## COUNT V
## CLARITY'S WILLFUL VIOLATION OF 15 U.S.C. § 1681g(a)(1)

97.    Mr. Jenkins adopts and incorporates Paragraphs 1 – 78 as if fully restated herein.

98.    Clarity violated 15 U.S.C. § 1681g(a)(1) when it failed to clearly and accurately disclose all the information it had in its file by providing Mr. Jenkins with a consumer disclosure that contained a tradeline for an "ArrowOne" account without providing any other identifying information that could differentiate it from the numerous other companies using the same name or the full account number.

99.    Clarity has been notified through litigation that its disclosures to consumers fail to properly disclose this information.

100.   Clarity's conduct was thus willful and intentional, or, alternatively, was performed with a reckless disregard for its duties under the FCRA to provide clear and accurate disclosures.

101.   As a result of its conduct, Clarity is liable to Mr. Jenkins pursuant to the FCRA for the greater of Mr. Jenkins' actual damages or statutory damages of up to $1,000 for *each occurrence*, punitive damages, reasonable attorneys' fees, and costs, per 15 U.S.C. § 1681n.

**WHEREFORE**, Mr. Jenkins respectfully requests this Honorable Court enter judgment against Clarity for:

a.    The greater of Mr. Jenkins' actual damages and statutory damages of $1,000 per incident pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.     Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.     Such other relief this Court deems just and proper.

**COUNT VI**
**CLARITY'S NEGLIGENT VIOLATION OF 15 U.S.C. § 1681g(a)(1)**
**(Pled in the Alternative to Count V)**

102.    Mr. Jenkins adopts and incorporates Paragraphs 1 – 78 as if fully restated herein and is strictly pled in the alternative to Count V.

103.    Clarity owed Mr. Jenkins a legal duty to clearly and accurately disclose all the information in his credit file upon his request.

104.    Clarity breached this duty by providing Mr. Jenkins with a consumer disclosure that contained a tradeline for an  "ArrowOne" account without providing any other identifying information that could differentiate it from the numerous other companies using the same name or the full account number.

105.    Clarity's breach amounts to a negligent violation of 15 U.S.C. § 1681g(a)(1), and Mr. Jenkins is entitled to his actual damages, attorneys' fees, and costs pursuant to 15 U.S.C. § 1681o.

**WHEREFORE**, Mr. Jenkins respectfully requests this Honorable Court enter judgment against Clarity for:

a.     Mr. Jenkins' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.      Such other relief this Court deems just and proper.

## COUNT VII
## CLARITY'S WILLFUL VIOLATIONS OF 15 U.S.C. § 1681b(a)(3)

106.    Mr. Jenkins adopts and incorporates Paragraphs 1 – 78 as if fully restated herein.

107.    Clarity violated 15 U.S.C. § 1681b(a)(3) when it furnished at least one report to "605Lend" about Mr. Jenkins in response to its request for a report about an unrelated individual with a different name, date of birth, and Social Security number.

108.    Clarity had no reason to believe it had a permissible purpose to furnish this report, as there are no commonalities between the consumer about whom "605Lend" requested reports and Mr. Jenkins.

109.    Through complaints from other consumers, Clarity knows that its automated system often provides data about unrelated consumers in response to lender requests.

110.    Therefore, Clarity is liable to Mr. Jenkins for the greater of Mr. Jenkins' actual damages and statutory damages of up to $1,000 for each occurrence, as well as for punitive damages, reasonable attorneys' fees, and costs pursuant to 15 U.S.C. § 1681n.

**WHEREFORE**, Mr. Jenkins respectfully requests this Honorable Court enter judgment against Clarity, for:

a.      The greater of Mr. Jenkins' actual damages or statutory damages of $1,000 per violation pursuant to 15 U.S.C. § 1681n(a)(1)(A);

b.  Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

c.  Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3); and,

d.  Such other relief this Court deems just and proper.

## COUNT VIII
## CLARITY'S NEGLIGENT VIOLATIONS OF 15 U.S.C. § 1681b(a)(3)
### (Pled in the Alternative to Count VII)

111.   Mr. Jenkins adopts and incorporates Paragraphs 1 – 78 as if fully restated herein and is strictly pled in the alternative to Count VII.

112.   Clarity owed Mr. Jenkins a legal duty to keep his information confidential and only disclose his consumer report for a permissible purpose.

113.   Clarity breached this duty when it responded to a request from "605Lend" to provide a consumer report about an unrelated individual by providing Mr. Jenkins' consumer report to "605Lend."

114.   Therefore, Clarity negligently violated 15 U.S.C. § 1681b(a)(3) by furnishing Mr. Jenkins' credit report to "605Lend" in response to its request for a report about an unrelated individual with a different name, date of birth, and Social Security number.

115.   As such, Mr. Jenkins is entitled to his actual damages from Clarity's breach.

**WHEREFORE**, Mr. Jenkins respectfully requests this Honorable Court enter judgment against Clarity for:

a.  Mr. Jenkins' actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

b.     Reasonable costs and attorneys' fees pursuant to 15 U.S.C. § 1681o(a)(2); and,

c.     Such other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Mr. Jenkins hereby demands a jury trial on all issues so triable.

Respectfully submitted on June 25, 2025, by:

SERAPH LEGAL, P. A.

/s/ *Megan Rosenberg*
Megan A. Rosenberg, Esq.
Florida Bar Number: 1005213
MRosenberg@SeraphLegal.com
2124 W. Kennedy Blvd., Suite A
Tampa, FL 33606
Tel: 813-567-1230 (Ext: 404)
Fax: 855-500-0705
*Counsel for Plaintiff*